IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Vernia Louise Ritter Rivers, *Registered Nurse*, | ) | C/A No. 3:11-194-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Shirley Bannister, *RN Nurse Executive*; | ) | |
| Constance Tucker, *RN Acting Director of* | ) | |
| *Nursing*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Vernia Louise Ritter Rivers ("Rivers"), filed this action against the Defendants Shirley Bannister and Constance Tucker.[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss.  (ECF No. 27.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Rivers of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendants' motion.  (ECF No. 28.) Rivers filed a response in opposition to the defendants' motion.  (ECF No. 32.)  The defendants filed

_____

[1] Some confusion apparently exists as to whether Rivers intended to name the South Carolina Department of Mental Health ("SCDMH") as a defendant in this matter.  A review of Rivers's initial pleadings indicates that SCDMH appears to be listed for descriptive purposes only, and the court notes that a summons and service papers were not issued for SCDMH.  However, the defendants address potential claims by Rivers against SCDMH in their motion to dismiss and to the extent Rivers named SCDMH as a party and it waived service, the court address those claims herein.

a reply (ECF No. 35), and Rivers filed a sur-reply (ECF No. 37).[2]  Having reviewed the parties'

submissions and the applicable law, the court finds that the defendants' motion should be granted.

Rivers's Complaint asserts claims for violation of the Age Discrimination in Employment

Act ("ADEA"), 29 U.S.C. §§ 621, et seq., and the Americans with Disabilities Act ("ADA"), 42

U.S.C. §§ 12101, et seq.  Although she includes a citation to Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e, et seq., she includes no factual allegations in her Complaint stating a

plausible claim that she suffered discrimination based upon a trait protected by that statute.[3]

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 570 (2007).  Accordingly, this Report and Recommendation addresses the claims for

which she has arguably alleged facts supporting a plausible claim—her ADEA and ADA claims.

The defendants correctly assert that Rivers's ADEA and ADA claims fail as a matter of law.

It is well established that such claims cannot be asserted against Rivers's individual supervisors,

Defendants Bannister and Tucker.  See Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-11 (4th

Cir. 1994) (holding that individual supervisors are not subject to liability under the ADEA); Baird

ex rel. Baird v. Rose, 192 F.3d 462 (4th Cir. 1999) (holding that individual supervisors are not

---

[2] The Local Rules make no provision for sur-replies.  Further, under Local Civil Rule 7.07 DSC, "[r]eplies to responses are discouraged."  However, even considering Rivers's sur-reply, it does not change the court's analysis of the legal issues and its recommendation to grant the defendants' motion to dismiss.

[3] For the reasons stated in the defendants' memoranda filed in support of their motion to dismiss, even if Rivers's Complaint stated a plausible claim for relief under Title VII, such a claim would be time barred.  Moreover, although Rivers argues that her anxiety and depression combined with sad events occurring around the deadline prevented her from timely filing, she has not made the extraordinary showing that the law requires for equitable tolling. (Defs.' Mem. Supp. Mot. Dismiss at 4-6, ECF No. 27-1 at 4-6; Defs.' Reply to Pl.'s Resp. Opp'n Mot. Dismiss at 2-4, ECF No. 35 at 2-4.)



subject to liability under the ADA).  Moreover, to the extent that Rivers attempts to assert claims against her employer, see supra note 1, the South Carolina Department of Mental Health is a state agency and therefore is immune from suit in federal court under the ADEA or the ADA.  See Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000) (holding that states and state agencies cannot be sued by private parties under the ADEA); Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356 (2001) (reaching the same conclusion with regard to the ADA).

## RECOMMENDATION

Accordingly, all of Rivers's claims fail as a matter of law.  The court therefore recommends that the defendants' motion to dismiss (ECF No. 27) be granted.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 21, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).